Evan C. Hollander (EH-0191)
Sarah N. Campbell (SC-6976)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Gregory M. Hopkins (admitted *pro hac vice*)
Stewart Headlee (admitted *pro hac vice*)
HOPKINS LAW FIRM, P.A.
1000 West Second Street
Little Rock, AR 72201
Telephone: (501) 375-1517
Facsimile: (501) 375-0231

Attorneys for Defendant Groton Industries, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AMES DEPARTMENT STORES, INC., *et al.*,<br><br>      Debtors.<br><br>AMES MERCHANDISING CORPORATION,<br>      Plaintiff,<br><br>  vs.<br><br>GROTON INDUSTRIES, INC.<br><br>    a/k/a<br><br>CHEYENNE INDUSTRIES, INC.,<br>      Defendant. | Chapter 11<br>Case No. 01-42217 (REG)<br>Jointly Administered<br>Adversary Proceeding<br>No. 03-08490 (REG)<br><br><br>**MOTION TO WITHDRAW**<br>**REFERENCE** |

## MOTION TO WITHDRAW REFERENCE

Comes Defendant Groton Industries, Inc. ("**Groton**"), by and through counsel, and for its Motion to Withdraw Reference ("**Motion**"),[1] states as follows:

1. Plaintiff Ames Merchandising Corporation ("**Ames**" or "**Plaintiff**") filed its Complaint to Avoid Preferential Transfer ("**Complaint**") on or about July 8, 2003. As a result of a series of agreements between counsel for the parties, Groton's time for responding to the Complaint was extended until September 18, 2007.

2. Thereafter, on September 18, 2007, Groton filed its Answer to Complaint to Avoid Preferential Transfers ("**Answer**") whereby Groton demanded trial by jury pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 38 of the Federal Rules of Civil Procedure (the "**Civil Procedure Rules**"), and Rule 9015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). The jury trial demand, being an endorsement to Groton's initial responsive pleading, was timely filed and asserted consistent with applicable law.

3. The Complaint seeks to avoid certain alleged preferential transfers made to Groton pursuant to 11 U.S.C. § 547.

4. The Plaintiff asserts causes of action legal in nature and requests monetary damages from Groton. Accordingly, pursuant to the Seventh Amendment of the United States Constitution (the "**Seventh Amendment**"), Groton is entitled to trial by jury of this matter.

---

[1] Pursuant to the Bankruptcy Court's Order Establishing Procedures Governing All Adversary Proceedings Brought Pursuant to 11 U.S.C. § 547, a telephone conference was held on January 10, 2008 between the Bankruptcy Court and counsel for Plaintiff and Defendant, whereby by Defendant's request to file this Motion was approved by the Court.

5. Pursuant to the Seventh Amendment, Bankruptcy Rule 9015, Civil Procedure Rule 38, and Local Rule 9015-1, Groton hereby reasserts its demand for trial by jury in this adversary proceeding on all issues so triable.

6. Groton hereby acknowledges and agrees that its demand for trial by jury shall be irrevocable, unless otherwise agreed by all parties and approved by the Court.

7. At the time of the Complaint, Groton did not have a claim pending in the related bankruptcy case.

8. Groton hereby withholds the consent required by 28 U.S.C. §157(e) and Bankruptcy Rule 9015(b) for the bankruptcy judge to conduct a jury trial of this adversary proceeding.

9. Pursuant to 28 U.S.C. §157(d), Bankruptcy Rule 5011(a), and Local Rule 5011-1, Groton hereby moves for the Court to withdraw the reference of this adversary proceeding to the United States Bankruptcy Court.

10. Withdrawal of the reference is necessary since Groton has properly made a jury trial demand, as set forth herein, and has withheld the required consent for the bankruptcy judge to conduct a jury trial. See 28 U.S.C. §§§157(c), (d) and (e).

11. A brief in support of this Motion has been submitted herewith.

**WHEREFORE**, Groton respectfully requests entry of an order (i) withdrawing the reference to the United States Bankruptcy Court and transferring this matter to the United States District Court for the Southern District of New York, (ii) directing a jury to determine all issues so triable in this adversary proceeding, and (iii) granting such further relief as is just and proper.

3

Dated: New York, New York
      February 21, 2008

                Respectfully submitted,

                WHITE & CASE LLP

                By: *[signature]*

                Evan C. Hollander (EH-0191)
                Sarah N. Campbell (SC-6976)
                1155 Avenue of the Americas
                New York, New York 10036
                (212) 819-8200

                -and-

                HOPKINS LAW FIRM, P.A.
                Gregory M. Hopkins (admitted *pro hac vice*)[2]
                Stewart Headlee (admitted *pro hac vice*)
                1000 West Second Street
                Little Rock, AR 72201

                Attorneys for Defendant Groton Industries, Inc.

---

[2] Applications for admission *pro hac vice* to the District Court for the Southern District of New York for Messers Hopkins and Headlee will be filed with the United States District Court for the Southern District of New York upon receipt of a Civil Case Number.