Evan C. Hollander (EH-0191)
Sarah N. Campbell (SC-6976)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Gregory M. Hopkins (admitted *pro hac vice*)
Stewart Headlee (admitted *pro hac vice*)
HOPKINS LAW FIRM, P.A.
1000 West Second Street
Little Rock, AR 72201
Telephone: (501) 375-1517
Facsimile: (501) 375-0231

Attorneys for Defendant Groton Industries, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AMES DEPARTMENT STORES, INC., *et al.*,<br><br>Debtors.<br><br>AMES MERCHANDISING CORPORATION,<br>Plaintiff,<br><br>vs.<br><br>GROTON INDUSTRIES, INC.<br><br>a/k/a<br><br>CHEYENNE INDUSTRIES, INC.,<br>Defendant. | Chapter 11<br>Case No. 01-42217 (REG)<br>Jointly Administered<br>Adversary Proceeding<br>No. 03-08490 (REG)<br><br><br>**BRIEF IN SUPPORT OF<br>MOTION TO WITHDRAW<br>REFERENCE** |

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW REFERENCE

Comes Defendant Groton Industries, Inc. ("**Groton**"), by and through counsel, and submits this Brief in Support of its Motion to Withdraw Reference for the Court's use and consideration in ruling on the Motion to Withdraw Reference (the "**Motion**").

### I.    Factual Background

Plaintiff Ames Merchandising Corporation ("**Ames**" or "**Plaintiff**") filed its Complaint to Avoid Preferential Transfer ("**Complaint**") on or about July 8, 2003. As a result of a series of agreements between counsel for the parties, Groton's time for responding to the Complaint was extended until September 18, 2007.

Thereafter, on September 18, 2007, Groton timely filed its Answer to Complaint to Avoid Preferential Transfers ("**Answer**") whereby Groton demanded trial by jury pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 38 of the Federal Rules of Civil Procedure (the "**Civil Procedure Rules**"), and Rule 9015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). The jury trial demand, being an endorsement to Groton's initial responsive pleading, was timely filed and asserted consistent with applicable law.

The Complaint seeks to avoid certain alleged preferential transfers made to Groton pursuant to 11 U.S.C. §547. Plaintiff asserts causes of action legal in nature and requests monetary damages from Groton. Accordingly, pursuant to the Seventh Amendment of the United States Constitution (the "**Seventh Amendment**"), Groton is entitled to trial by jury of this matter. At the time of the Complaint, Groton did not have a claim pending in the related

bankruptcy case. Through its Answer and Motion, Groton has demanded a trial by jury on all issues so triable.

Pursuant to the Seventh Amendment, 28 U.S.C. §§157(d) and (e), and Bankruptcy Rule 5011(a), Groton has moved this Court to withdraw the reference of this adversary proceeding to the Bankruptcy Court. As set forth in the Motion, Groton has acknowledged and agreed that its demand for trial by jury shall be irrevocable, unless otherwise agreed by all parties and approved by the Court. Pursuant to Bankruptcy Rule 9015, Civil Procedure Rule 38, and Local Rule 9015-1, Groton has properly and timely demanded a trial by jury on all issues so triable in this adversary proceeding. Additionally, Groton has withheld its consent for the bankruptcy judge to conduct a jury trial in this adversary proceeding.

## II.    Legal Argument

Although 28 U.S.C. § 157(a) authorizes a district court to refer matters to the bankruptcy judge for the district, 28 U.S.C. § 157(d) provides that such a referral may be withdrawn at the discretion of the district court under certain circumstances. Courts in the Second Circuit have withdrawn the reference where "cause" is found to exist. See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095 (2nd Cir. 1993), *cert. dismissed*, 114 S. Ct. 1418 (1994) (setting forth factors to demonstrate "cause"). The factors considered by Second Circuit courts in determining whether cause is demonstrated include: (1) whether the claim is core or non-core; (2) whether the claim is legal or equitable; (3) interests of judicial economy; (4) interests of uniformity in the administration of bankruptcy law; (5) reduction of forum shopping; (6) economical use of debtors' and creditors' judicial resources; (7) interests of expediting the bankruptcy process; and (8) the presence of a jury demand. Id. at

1101. An analysis of the pertinent facts in this case against these factors reveals that "cause" for withdrawal of the reference exists here, and, thus, the reference should be withdrawn.

  A. <u>The Claims Raised in This Proceeding Are Legal in Nature and Groton is Entitled to a Jury Trial on Such Claims.</u>

The claims alleged by Plaintiff against Groton clearly entitle Groton to a jury trial. In <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the United States Supreme Court preserved the right of a defendant to a jury trial under the Seventh Amendment in "suits in which legal rights [a]re to be ascertained or determined" that have been filed in bankruptcy court. <u>Id.</u> at 41. The Court held that a creditor who had not filed a claim against the debtor's estate was entitled to a jury trial on the trustee's fraudulent transfer claim. <u>Id.</u> at 36. Since the defendant had not filed a claim against the estate, the Supreme Court determined that the trustee's avoidance claim neither arose "as part of the process of allowance and disallowance of claims," nor was it "integral to the restructuring of debtor-creditor relations." <u>Id.</u> The Court concluded that a party could not be divested of its Seventh Amendment right to a jury trial merely because Congress designated fraudulent conveyance actions "core proceedings" under the Bankruptcy Code. <u>Id.</u> at 85-59. Because it has never filed a claim against the bankruptcy estate in this matter, Groton is entitled to and has demanded a trial by jury on the Plaintiff's Complaint.

With the Bankruptcy Reform Act of 1994, Congress authorized bankruptcy judges to preside over jury trials, with two prerequisites: a specific designation by their respective district courts, and the express consent of all parties to the subject proceeding. 28 U.S.C. § 157(e). Absent the express consent of all of the parties, a bankruptcy court may not conduct a jury trial. <u>See id.</u>

4

The Bankruptcy Rules specifically address the manner of consent which must be provided. See Bankruptcy Rule 9015(b) (stating "[. . .] the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule.") Bankruptcy Rule 9015(b) thus requires affirmative action by all parties (e.g., the filing of a statement of consent, either jointly or separately) before the bankruptcy judge will have the authority to conduct a jury trial.

In this case, there has been no consent by Groton or any other party to a jury trial before the bankruptcy judge, as required by 28 U.S.C. § 157(e), nor has Groton or any other party filed a statement of consent to the trial of this matter by jury in the Bankruptcy Court as required by Rule 9015(b). In fact, Groton has expressly withheld such consent. Courts have consistently held that "cause" under 28 U.S.C. §157(d) exists for withdrawal of the reference where "the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy." Hardesty v. Severson, 190 B.R. 653 (D. Kan. 1995); see also, 1800 Postcards, Inc. v. Morel, 153 F. Supp. 2d 359 (S.D.N.Y. 2001) (withdrawing the reference as to claims requiring jury trial). Accordingly, Groton's demand for a jury trial and the absence of all parties' consent to the bankruptcy judge presiding over the jury trial requires withdrawal of the reference.

    B.    <u>Judicial Economy Favors Withdrawal of the Reference.</u>

Judicial economy favors an immediate withdrawal of the reference, rather than permitting the Bankruptcy Court to preside over initial matters in the proceeding until the dispositive motion or trial stage. As stated above, Groton has not consented to trial of this matter by the Bankruptcy Court. Because trial of this matter will be conducted by the District Court, it makes

sense to transfer the case to the District Court now because having a single District Court judge oversee the entirety of this proceeding will help ensure that the judge entering the final judgment in the case has a clear understanding of the case. As at least one court has recognized that "in complicated cases . . . oversight of the pretrial proceedings provides [the judge] with insight into the precise nature of the claims and the theories on which they are based." Mishkin v. Ageloff, 220 B.R. 784 (S.D.N.Y. 1998).

These considerations, coupled with the fact that only the District Court may conduct the jury trial, demonstrates that judicial efficiency will be maximized by an immediate withdrawal of the reference. See 1800 Postcards, 153 F. Supp. 2d at 367 (withdrawing the reference as to both core and non-core claims requiring jury trial based upon judicial efficiency).

    C.    Withdrawal of the Reference Would Not Facilitate Forum Shopping or Affect the Use of Judicial Resources.

Withdrawal of this proceeding to the District Court would not allow Groton to avail itself of a different body of substantive law or enhance the possibility of a particular result on the claims alleged. Nor would such withdrawal impact the question of the economical use of the debtor's or creditor's judicial resources. The trial will still be held in New York City in the Southern District of New York. Thus, these factors do not favor or disfavor withdrawal of the reference.

### III. Conclusion

For all of the foregoing reasons, this Court should enter an order immediately withdrawing the reference of this adversary proceeding.

Dated: New York, New York
       February 21, 2008

                                          Respectfully submitted,

                                          WHITE & CASE LLP

                                          By: _____

                                          Evan C. Hollander (EH-0191)
                                          Sarah N. Campbell (SC-6976)
                                          1155 Avenue of the Americas
                                          New York, New York 10036
                                          (212) 819-8200

                                          -and-

                                          HOPKINS LAW FIRM, P.A.
                                          Gregory M. Hopkins (admitted *pro hac vice*)[1]
                                          Stewart Headlee (admitted *pro hac vice*)
                                          1000 West Second Street
                                          Little Rock, AR  72201

                                          Attorneys for Defendant Groton Industries, Inc.

---

[1] Applications for admission *pro hac vice* to the District Court for the Southern District of New York for Messers Hopkins and Headlee will be filed with the United States District Court for the Southern District of New York upon receipt of a Civil Case Number.