UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re                                    :

                                         :      **Chapter 11 Case No.**
AMES DEPARTMENT STORES, INC., et al.,    :      **01-42217 (REG)**

                                         :
            Debtors.                     :      **Jointly Administered**

                                         :

-------------------------------------------------------------------X

AMES MERCHANDISING CORPORATION,          :

                                         :      **Adversary Proceeding**
            Plaintiff,                   :      **No.03-8490 (REG)**

                                         :
      vs.                                :      **08 Civ. 1836 (RMB)**

                                         :

                                         :

GROTON INDUSTRIES A/K/A CHEYENNE         :
INDUSTRIES

                                         :

                                         :

            Defendant.                   :

-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

**STORCH AMINI & MUNVES PC**
**Two Grand Central Tower, 25th Floor**
**140 East 45th Street**
**New York, NY  10017**
**Tel: (212) 490-4100**
**Fax: (212) 490-4208**
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Table of Authorities...............................................................................................................i

INTRODUCTION...........................................................................................................2

STATEMENT OF FACTS.............................................................................................2

ARGUMENT..................................................................................................................2

    I.    THE MOTION TO WITHDRAW THE REFERENCE SHOULD BE DENIED ......2

        A.    Defendant's Right to a Jury Trial Does Not Constitute "Cause" ......................3

        B.    Judicial Economy Does Not Favor Withdrawing the Reference.......................5

        C.    Defendant Will Not be Prejudiced if the Reference is Withdrawn Immediately Before Trial.................................................................................................7

CONCLUSION ............................................................................................................8

## TABLE OF AUTHORITIES

**Case Name**                                                                                                    **Page**

1 800 Postcards, Inc.,
   153 F.Supp.2d 359 (S.D.N.Y. 2001) .................................................................................4, 7

Bianco v. Hoehn,
   173 B.R. 302 (S.D.N.Y. 1994) .........................................................................................5

Buchwald v. Renco Group,
   04 Civ. 1357, 2004 WL 1161172 (S.D.N.Y. May 24, 2004) .............................................5, 6

Enron Corp. v. Belo Co.,
   317 B.R. 232 (S.D.N.Y. 2004) ......................................................................................4, 6

Granfinanciera, S.A. v. Nordberg,
   492 U.S. 33 (1989) ........................................................................................................3, 4

Gucci by Armstrong v. Gucci,
   96 Civ. 8216, 1997 WL 122838 (S.D.N.Y. Mar. 17, 1997) ...............................................6

Hardesty v. Severson,
   190 B.R. 653 (D. Kan. 1995) ............................................................................................4

Hassett v. BancOhio Nat'l Bank,
   172 B.R. 748, 761 (S.D.N.Y. 1994) ................................................................................5

Hunnicutt Co. v. TJX Cos.,
   190 B.R. 157 (S.D.N.Y. 1995) ........................................................................................6

Kenai Corp. v. Nat'l Union Fire Ins. Co.,
   136 B.R. 59 (S.D.N.Y. 1992) .......................................................................................5, 8

Mishkin v. Ageloff,
   220 B.R. 784 (S.D.N.Y. 1998) ........................................................................................7

Orion Pictures Corp. v. Showtime Networks,
   4 F.3d 1095 (2d Cir. 1993) ...........................................................................................3, 4

**Statutes**

28 U.S.C. § 157(a).................................................................................................2

28 U.S.C. § 157(a) (2007) .....................................................................................2

28 U.S.C. § 157(d).............................................................................................2, 3

28 U.S.C. §§ 157(b)(1), (c)(1)...............................................................................3

28 U.S.C. § 157(b)(2)(F) .......................................................................................3

28 U.S.C. § 157(e).................................................................................................4

## INTRODUCTION

Ames Merchandising Corporation ("Plaintiff"), as debtor and debtor in possession, submits this memorandum of law in opposition to Groton Industries, Inc. d/b/a Cheyenne Industries, Inc.'s ("Defendant") motion to withdraw the reference to the Bankruptcy Court. Defendant's motion should be denied because determining core matters in the District Court would be an inefficient allocation of judicial resources and premature.

## STATEMENT OF FACTS

On August 20, 2001 (the "Petition Date"), Plaintiff and Ames Department Stores, Inc. (collectively with Plaintiff, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (Fritz Decl. para. 2). On May 16, 2003, the Bankruptcy Court issued a detailed and thorough order setting forth uniform scheduling and discovery regulations in the hundreds of preference actions (the "Preference Actions") filed by Plaintiff (the "Scheduling Order"). (Fritz Decl., Exh. B). On August 12, 2003, Plaintiff filed the Complaint against Defendant seeking to avoid and recover certain transfers that it made to Defendant during the 90 days preceding the Petition Date in the amount of $708,188.25. (Fritz Decl., Exh. A). On June 25, 2007, the Bankruptcy Court issued an order instructing all parties in the Preference Actions, including Defendant, to engage in mediation. (Fritz Decl., Exh. C). While Plaintiff and Defendant engaged in mediation on November 7, 2007, they did not reach a settlement. (Fritz Decl., Exh. D). This motion followed shortly thereafter.

## ARGUMENT

### I.    THE MOTION TO WITHDRAW THE REFERENCE SHOULD BE DENIED

Under a standing order issued in July 1984 by then-Acting Chief Judge Ward, all Chapter 11 cases in the Southern District of New York are automatically referred to this district's bankruptcy

judges pursuant to 28 U.S.C. § 157(a). 28 U.S.C. § 157(a) (2007); see In re Friedberg, 87 B.R. 3, 6

(S.D.N.Y. 1988). A party can move to withdraw the reference to the Bankruptcy Court pursuant to

28 U.S.C. § 157(d), which provides:

> The district court *may withdraw*, in whole or in part, any case or proceeding referred
> under this section, on its own motion or on timely motion of any party, *for cause
> shown*. The district court shall, on timely motion of a party, so withdraw a
> proceeding if the court determines that resolution of the proceeding requires
> consideration of both title 11 and other laws of the United States
> regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). Here, Defendant does not contend that withdrawal of the

reference is mandatory under the second sentence of section 157(d). (Def.'s Mem. of Law at 3).

Rather, Defendant contends that there is "cause" for permissive withdrawal under the first sentence

of the statute. (Id.).

In Orion Pictures Corp. v. Showtime Networks, 4 F.3d 1095 (2d Cir. 1993), the Second

Circuit devised an analytical framework to determine whether there is "cause" to withdraw a case

from bankruptcy court. First, the district court should assess whether the claim is "core or non-core,

since it is upon this issue that questions of efficiency and uniformity will turn." (Id. at 1101). While

bankruptcy judges may "hear and determine" all core proceedings arising under Chapter 11, in non-

core proceedings they are only empowered to hear and submit proposed findings of fact and

conclusions of law to the district court for *de novo* review. 28 U.S.C. §§ 157(b)(1), (c)(1). Here,

Plaintiff's preference claim falls within the statutory non-exhaustive list of core proceedings. See 28

U.S.C. § 157(b)(2)(F) ("proceedings to determine, avoid, or cover preferences").

After the core/non-core determination is made, the district court should consider judicial

economy, delay and cost to the parties, uniformity of bankruptcy administration, prevention of

forum shopping, and other related factors to decide if permissive withdrawal is appropriate. Orion

Pictures, 4 F.3d at 1101. The presence of a jury demand is one such related factor. Id. (noting that

various district courts have considered the existence of a jury demand when determining if "cause" is present).

## A. Defendant's Right to a Jury Trial Does Not Constitute "Cause"

As Defendant correctly notes, in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), the Supreme Court held that litigants are entitled to jury trials in core proceedings. While <u>Granfinanciera</u> did not resolve whether a bankruptcy court could hold jury trials in core proceedings that are legal in nature, <u>id.</u> at 50, the subsequent amendment of 28 U.S.C. § 157(e) in 1994 authorized a jury trial in bankruptcy court only where all parties expressly consented thereto. 28 U.S.C. § 157(e). In the instant case, Plaintiff does not contend that the Bankruptcy Court can hold a jury trial in light of Defendant's withholding of consent. Instead, Plaintiff submits that the Bankruptcy Court should manage the proceedings until the case is trial ready.

In its memorandum of law, Defendant states that it demanded a jury trial in its answer and that it does not consent to have the Bankruptcy Court preside over the same. (Def.'s Mem. of Law at 4-5). Relying upon <u>Hardesty v. Severson</u>, 190 B.R. 653 (D. Kan. 1995), and <u>1 800 Postcards, Inc.</u>, 153 F.Supp.2d 359 (S.D.N.Y. 2001), Defendant claims that these facts require the withdrawal of the reference. (<u>Id.</u> at 5). <u>Hardesty</u>, however, supports Plaintiff's position because, upon consideration of the aforementioned <u>Orion Pictures</u> factors, the District of Kansas denied the defendant's motion to withdraw the reference without prejudice and held that the bankruptcy court should manage the pretrial proceedings until the case was ready for trial. <u>Hardesty</u>, 190 B.R. at 656-57. In <u>1 800 Postcards</u>, a creditors' committee intervened in a debtor's adversary proceeding as a plaintiff, adopted the debtor's complaint, and added an additional cause of action seeking to set aside a transaction as a fraudulent conveyance pursuant to section 548 of the Bankruptcy Code. <u>1 800 Postcards</u>, 153 F.Supp.2d at 363. This Court held that efficiency justified withdrawing the

reference because the facts, transactions, and issues underlying the committees' core claims overlapped with those of the debtor's non-core claims. Since there are only core claims in the instant case, 1 800 Postcards is distinguishable.

The facts of Enron Corp. v. Belo Co., 317 B.R. 232 (S.D.N.Y. 2004), are similar to those of this case. In Enron, the debtor initiated an adversary proceeding seeking recovery of certain preferential or fraudulent transfers made to Belo. Id. at 233. Belo moved to withdraw the reference on the grounds that it asserted its right to a jury trial, had not filed a proof of claim, and would not consent to a jury trial held by the Bankruptcy Court. Id. at 234. Emphasizing the efficient use of judicial resources, this Court denied the motion and noted that "a jury demand by itself does not constitute 'cause' for permissive withdrawal of the reference." Id. (citing Bianco v. Hoehn, 173 B.R. 302, 307 (S.D.N.Y. 1994); Hassett v. BancOhio Nat'l Bank, 172 B.R. 748, 761-62 (S.D.N.Y. 1994); Kenai Corp. v. Nat'l Union Fire Ins. Co., 136 B.R. 59, 61 (S.D.N.Y. 1992)). "'A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy of favoring judicial economy that underlies the statutory bankruptcy scheme.'" Id. at 234-35 (quoting Kenai Corp., 136 B.R. at 61).

Thus, the fact that this Court may eventually conduct a jury trial does not, in of itself, constitute "cause" to withdraw the reference prior to the completion of all pre-trial proceedings. See Buchwald v. Renco Group, 04 Civ. 1357, 2004 WL 1161172 (S.D.N.Y. May 24, 2004).

**B.    Judicial Economy Does Not Favor Withdrawing the Reference**

Next, Defendant argues that since this Court would conduct any jury trial needed, "it makes sense to transfer the case to the District Court now because having a single District Court judge oversee the entirety of this proceeding will help ensure that the judge entering the final judgment in

the case has a clear understanding of the case." (Def.'s Mem. of Law at 5-6). Initially, it is noted that district judges regularly refer pre-trial matters to magistrate judges and have no difficulty understanding the issues once the case is ready for trial.

Furthermore, contrary to Defendant's position, this Court has routinely found that judicial economy and uniform administration of the debtor's bankruptcy are promoted by permitting the Bankruptcy Court to manage cases until trial. Enron, 317 B.R. at 235 ("The Bankruptcy Court's unique familiarity with the facts and law related to Enron's bankruptcy will allow it to resolve this dispute more efficiently than would a court completely new to the case."); Buchwald, 2004 WL 1161172, at *2 ("Here, the bankruptcy judge can bring to bear his considerable expertise on the fraudulent conveyance and transfer issues and the preference issues."); Gucci by Armstrong v. Gucci, 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997)("the interests of judicial economy will well be served by having this case before [the Bankruptcy] Court that already has such extensive knowledge of the complex underlying transactions and occurrences")(internal quotation omitted, alteration in original); Hunnicutt Co. v. TJX Cos., 190 B.R. 157 (S.D.N.Y. 1995)(finding greater efficiency in allowing the matter to remain with the bankruptcy judge until it is trial ready).

Of course, the Bankruptcy Court has considerable expertise on the law pertaining to the avoidance of preferential transfers, such as those made by Plaintiff to Defendant, and is best equipped to oversee discovery and other pretrial matters. In order to efficiently preside over all of the Preference Actions, the Bankruptcy Court issued the Scheduling Order. (Fritz Decl., Exh. B). Additionally, the Bankruptcy Court issued the Mediation Order in order to provide an alternative dispute resolution that would bring many of the Preference Actions to an inexpensive and timely close. (Fritz Decl., Exh. C). Although Plaintiff and Defendant engaged in mediation on November

6

7, 2007, the matter was not resolved. (Fritz Decl., Exh. D). As Defendant noted in its letter to mediator Neil Forrest, Esq., its mediation with Plaintiff has not officially concluded. (Id.). If the reference is withdrawn, then the Bankruptcy Court's goal of having the parties successfully mediate their dispute will be frustrated. In the event that subsequent mediation is unfruitful and closed, then pursuant to the Mediation Order the parties will have 90 days to quickly complete discovery. (Fritz Decl., Exh. C). The denial Defendant's motion would support the expeditious monitoring of all matters pertaining to the Debtors' estate.

In support of its position, Defendant relies upon 1 800 Postcards, Inc., 153 F.Supp.2d 359 (S.D.N.Y. 2001), which is distinguishable for the aforementioned reasons, and Mishkin v. Ageloff, 220 B.R. 784 (S.D.N.Y. 1998). Mishkin involved three related actions by the trustee against Roy Ageloff (the "Ageloff Proceeding"), Philip Gurian (the "Gurian Proceeding") and National Union Fire Insurance Company (the "National Union Proceeding"). Mishkin, 220 B.R. at 787-89. This Court found that mandatory withdrawal of the reference for the Ageloff Proceeding was appropriate since the issues in that action required significant interpretation of non-bankruptcy law. Id. at 795-99. This Court further held that permissive withdrawal of the reference for the Gurian and National Union Proceedings was warranted since they were integrally linked with the Ageloff Proceeding and thus judicial economy would be served by adjudication in one court. Id. at 799-801. The instant matter, of course, neither involves significant interpretation of substantive non-bankruptcy law (or any interpretation, for that matter) nor is interlocked with a matter for which mandatory withdrawal of a reference is appropriate. (Fritz Decl., Exh. A).

C.     **Defendant Will Not be Prejudiced if the Reference is Withdrawn Immediately Before Trial**

Lastly, Defendant contends that forum shopping is not facilitated since the transfer of this action to the District Court would not result in the imposition of different substantive law and since

7

the trial would be held in Manhattan. (Def.'s Mem. of Law at 6). Regardless, Defendant has not identified any cognizable benefit to withdrawing the reference now as opposed to immediately before trial. Similarly, Defendant has not identified any prejudice that it would suffer if the Bankruptcy Court presides over all pre-trial matters. "[T]he court must employ [withdrawal] judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." Kenai Corp. v. Nat'l Union Fire Ins. Co., 136 B.R. 59, 61 (S.D.N.Y. 1992).

## CONCLUSION

For the reasons set forth above, Defendant's motion to withdraw the reference to the Bankruptcy Court should be denied.

Dated: New York, New York
       March 7, 2008

STORCH AMINI & MUNVES PC

By: _____/s/ Kevin Fritz_____
       Bijan Amini (BA 3533)
       Kevin Fritz (KF 6788)
       Two Grand Central Tower, 25th Floor
       140 East 45th Street
       New York, NY  10017
       (212) 490-4100
       *Attorneys for Plaintiff*