UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMES MERCHANDISING CORPORATION<br><br>                           Plaintiff,<br><br>    v.<br><br>GROTON INDUSTRIES, INC., d/b/a<br>CHEYENNE INDUSTRIES, INC.,<br><br>                           Defendant. | Case No. 08-cv-1836<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO WITHDRAW REFERENCE** |

### REPLY BRIEF IN SUPPORT OF MOTION TO WITHDRAW REFERENCE

Comes Defendant Groton Industries, Inc. a/k/a Cheyenne Industries, Inc. ("**Groton**"), by and through its counsel, and submits the following Reply Brief in Support of its Motion to Withdraw Reference (the "**Motion**") for the Court's consideration and use in ruling on the Motion.

    1.    <u>Introduction</u>.

Chapter 11 Debtor-in-Possession and Plaintiff, Ames Merchandising Corporation ("**Ames**" or "**Plaintiff**"), filed its Complaint to Avoid Preferential Transfer ("**Complaint**") against Groton on July 8, 2003, in the above bankruptcy. In response to the Complaint, Groton has invoked its right to a jury trial and requested that the standing reference to the bankruptcy court be withdrawn and this matter be transferred to District Court so a jury trial may move forward.

In opposing the Motion, Ames does not dispute that Defendant's right to jury trial ultimately requires the reference to be withdrawn and transferred to the District Court for jury

1

trial. Rather, Ames requests that this Court delay withdrawing the reference until the eve of the trial date. (Plaintiff's Mem. of Law at Pg. 4). As set forth herein, this matter should be transferred to the District Court <u>immediately</u> so that this Court may issue its scheduling order setting the trial date and discovery deadlines. Judicial economy would best be served with an immediate transfer of this case to District Court and would prevent multiple, conflicting scheduling orders in each court, unnecessary and duplicate preparation in each court, and duplicate rulings by each court since all determinations by the bankruptcy court are subject to review by the District Court.

In addition, as set forth herein, Ames has unilaterally delayed this case from moving forward for over four months. As such, Ames is estopped from arguing that an immediate transfer to the District Court would be inefficient or would not promote judicial economy.

2.    <u>Defendant's Demand for Jury Trial Requires Withdrawal of Reference.</u>

As previously set forth in Groton's Motion and supporting brief, withdrawal of the reference is required due to Groton's demand for jury trial made pursuant to the Seventh Amendment of the United States Constitution, Federal Rule of Bankruptcy Procedure 9015, Federal Rule of Civil Procedure 38, and Local Rule 9015-1. *See also*, <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989). Pursuant to U.S.C. §157(e) and Federal Rule of Bankruptcy Procedure 9015(b), the bankruptcy judge is not authorized to conduct a jury trial of this adversary proceeding without the consent of all parties, which such consent has expressly been withheld by Groton.

In opposing the Motion, Ames does not dispute that Defendant's right to jury trial ultimately requires the reference to be withdrawn and transferred to the District Court for jury

trial. Rather, Ames requests that this Court delay withdrawing the reference until the eve of the trial date. (Plaintiff's Mem. of Law at Pg. 4). Ames argues that a demand for jury trial does not constitute "cause" for withdrawal of the reference, citing Enron Corp. v. Belo Co., 317 B.R. 232 (S.D.N.Y. 2004). However, the Enron decision only determined that, in that particular case, the reference should not *immediately* be withdrawn and factors of judicial economy favored the bankruptcy court managing pre-trial proceedings. Such factors are not present in this case, and judicial economy will best be served with an immediate withdrawal of the reference.

3. Interests of Judicial Economy and Prevention of Delay Support an Immediate Withdrawal of Reference.

In withdrawing cases from the bankruptcy court, courts must consider "judicial economy, delay and cost to the parties, uniformity of bankruptcy administration, forum shopping, and other related factors to determine if permissive withdrawal is warranted." Enron, Id. (Citations omitted). In Enron, the court determined that an immediate withdrawal was not appropriate in that particular case, stating:

> "This case is still in the early stages and because of the large number of defendants and unresolved pre-trial matters, especially discovery, one can only speculate when it will proceed to trial, if at all. The Bankruptcy Court has presided over this case for almost one year, is already familiar with Enron's claims, and thus is best equipped to handle discovery and other pretrial matters."

Enron, 317 B.R. 232.

Such factors are not present in this case and judicial economy will best be served with an immediate withdrawal from the bankruptcy court. Specifically, since Ames' Complaint was filed over four and a half (4 ½) years ago, there has been no further activity in this case other

than the filing of Defendant's Motion to Withdraw Reference and Answer, and referral of all adversary proceedings to mediation.  Additionally, there have been no hearings specific to this case other than a telephonic hearing conducted in connection with Defendant's Motion to Withdraw Reference.  As such, the factor of "claim familiarity" weighs in favor of an immediate transfer to the District Court.

An immediate transfer to District Court will also prevent further delay of this matter. Ames argues that an immediate withdrawal from bankruptcy court will frustrate the bankruptcy court's goal of having the parties mediate this dispute.    (Plaintiff's Mem. of Law at Pg. 6). However, the parties' formal mediation session conducted on November 7, 2007, was unsuccessful and Ames has failed to respond to Defendant's subsequent efforts to settle this matter through the mediator or otherwise.  Nevertheless, Ames continues to assert that mediation is on-going and has not been closed, causing further delay and preventing this case from moving forward to trial[1].

Ames further argues that this matter should remain in bankruptcy court because a scheduling order governing all adversary proceedings has been previously been entered by the bankruptcy court. (Plaintiff's Mem. of Law at Pg. 6, Plaintiff's Declaration, Exhibit "B"). However, as previously stated, Ames has unilaterally delayed moving forward under said scheduling order.  In addition, this case differs from all other adversary proceedings due to Defendant's demand for jury trial and Motion to Withdraw Reference.  As such, the bankruptcy court's scheduling order does not address the pre-trial matters presented by only this case, and a

---

[1] Pursuant to the Mediation Order, attached to Plaintiff's Declaration as Exhibit "C", all pre-trial matters, including discovery, are stayed pending mediation being formally closed.

scheduling order issued by the District Court will be required that addresses such matters and that complies with the District Court's docket schedule.

4.  Conclusion.

As established in the Motion to Withdraw Reference and herein, this Court should enter an order immediately withdrawing the reference of this adversary proceeding from the bankruptcy court and transferring it to the District Court's docket.

Dated: New York, New York
       March 24, 2008

>Respectfully submitted,
>
>WHITE & CASE LLP
>
>By:  /s/ Sarah N. Campbell
>Andrew DeNatale (ADN-2429)
>Evan C. Hollander (EH-0191)
>Sarah N. Campbell (SC-6976)
>1155 Avenue of the Americas
>New York, New York 10036
>(212) 819-8200
>
>-and-
>
>HOPKINS LAW FIRM, P.A.
>Gregory M. Hopkins (admitted *pro hac vice*)
>Stewart Headlee (admitted *pro hac vice*)
>1000 West Second Street
>Little Rock, AR  72201
>
>Attorneys for Defendant Groton Industries, Inc.