UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMES MERCHANDISING CORPORATION<br><br>                Plaintiff,<br><br>v.<br><br>GROTON INDUSTRIES, INC., d/b/a<br>CHEYENNE INDUSTRIES, INC.,<br><br>                Defendant. | Case No.  08-cv-1836<br><br>**MOTION TO STRIKE FROM THE<br>RECORD CONFIDENTIAL<br>AND PRIVILEGED MEDIATION<br>MATERIALS FILED BY PLAINTIFF** |

**MOTION TO STRIKE FROM THE RECORD CONFIDENTIAL
AND PRIVILEGED MEDIATION MATERIALS FILED BY PLAINTIFF**

Comes Defendant Groton Industries, Inc. a/k/a Cheyenne Industries, Inc. ("**Groton**" or "**Defendant**"), by and through its counsel, and for its Motion to Strike from the Record Confidential and Privileged Mediation Materials Filed by Plaintiff (the "**Motion to Strike**"), states as follows:

1.      Defendant moves to strike from the Court's record certain confidential mediation materials attached to the <u>Declaration of Kevin Fritz in Opposition to Defendant's Motion to Withdraw the Reference to the Bankruptcy Court</u> (the "**Declaration in Opposition**") and filed with the Court on March 7, 2008, on behalf of Plaintiff Ames Merchandising Corporation ("**Ames**" or "**Plaintiff**").

2.      Specifically, Plaintiff's counsel has attached as Exhibit "D" to its Declaration in Opposition, a letter from Defendant's counsel dated January 29, 2008, and addressed to mediator

1

Neil Forrest, Esq.[1]   A previous settlement offer from Defendant's counsel to Plaintiff's counsel dated November 28, 2007 (the "**Settlement Offer**"), was enclosed with the January 29th letter and likewise filed with the Court as Plaintiff's Exhibit "D" to its Declaration in Opposition.

3. The Settlement Offer sets forth a proposal of settlement of the various claims between the parties, including, *inter alia*, the very claims being litigated in this matter.

4. The Settlement Offer extended specific settlement terms and dollar amounts on behalf of Defendant and expressly stated that the Settlement Offer was being submitted "solely for the purpose of settlement."

5. The Settlement Offer further stated that it "shall not be admissible in any proceeding other than a proceeding by either party to enforce any settlement agreement each consistent with the terms of this letter."

6. The Settlement Offer constitutes settlement discussion made by, or on behalf of, the Defendant during the mediation process.

7. Section 5.1, of General Order M-211[2] of the United States Bankruptcy Court for the Southern District of New York, provides that "**[a]ll statements by the mediator, by the parties or by others during the mediation process shall not be divulged by any of the participants in the mediation (or their agents) or by the mediator to the court or to any third party.**" (Emphasis added).

---

[1] *See* Declaration in Opposition, ¶ 7 and Exhibit "D" thereto. The November 28, 2007 letter from Gregory M. Hopkins, Esq. to Ames' counsel, Avery Samet, Esq., was resent as an enclosure with the January 29, 2008 letter from Stewart Headlee, Esq. to the mediator, Neil Forrest, Esq.

[2] General Order M-211 amended General Orders M-117 and M-143, and establishes mediation procedures governing all preference claims and actions asserted under Section 547 and 550 of Title 11, United States Code.

8.     Section 5.2, of General Order M-211, in pertinent part, further provides:

"5.2 <u>Confidentiality of Mediation Effort</u>.  Rule 408 of the Federal Rules of Evidence shall apply to mediation proceedings.  Except as permitted by Rule 408, **<u>no person may rely on or introduce as evidence</u>** in connection with any arbitral, judicial or other proceeding, including any hearing held by this court in connection with the referred mater, any aspect of the mediation effort, including, but not limited to:

      A.     **<u>Views expressed or suggestions made by any party with respect to a possible settlement of the dispute..[.]"</u>**   (Emphasis added).

9.     In addition, mediator Neil Forrest, Esq.'s instruction letter dated August 10, 2007, specifically stated:

"In order to promote communication among the parties, counsel and the Mediator and to facilitate settlement of the dispute, each of the undersigned agrees that **<u>the entire mediation process is confidential.  All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding.</u>**   These statements, offers, promises, and conduct (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions."   (Emphasis added).

A copy of mediator Neil Forrest, Esq.'s instruction letter has been attached hereto as Exhibit "A" and is incorporated by reference herein.

10.     The Settlement Offer constitutes a privileged and confidential communication made by the Defendant during the mediation process and, as set forth above, Plaintiff's disclosure of the Settlement Offer is a clear violation of:  (1) General Order M-211 of the United States Bankruptcy Court for the Southern District of New York, (2) the <u>Order Establishing Mediation Procedures Governing Certain Adversary Proceedings Brought Pursuant to 11 U.S.C.</u>

§547 entered in the instant bankruptcy proceeding on June 25, 2007, and (3) mediator Neil Forrest, Esq.'s instruction letter dated August 10, 2007.

11. Accordingly, Plaintiff's Exhibit "D" to its <u>Declaration of Kevin Fritz in Opposition to Defendant's Motion to Withdraw the Reference to the Bankruptcy Court</u> should be stricken from the Court's record in its entirety.

12. Defendant reserves the right to request the imposition of sanctions against Plaintiff and Plaintiff's counsel in connection with the matters set forth herein and further reserves the right to seek all other necessary and proper relief.

**WHEREFORE**, Groton Industries, Inc. a/k/a Cheyenne Industries, Inc., prays that the Court enter an Order striking from its record the confidential and privileged mediation materials described herein, for its costs herein expended, including a reasonable attorney's fee, and for all proper relief.

(remainder of page intentionally left blank)

Dated: New York, New York
      March 24, 2008

                Respectfully submitted,

                WHITE & CASE LLP

                By:  /s/ Sarah N. Campbell
                Andrew DeNatale (ADN-2429)
                Evan C. Hollander (EH-0191)
                Sarah N. Campbell (SC-6976)
                1155 Avenue of the Americas
                New York, New York 10036
                (212) 819-8200

                -and-

                HOPKINS LAW FIRM, P.A.
                Gregory M. Hopkins (admitted *pro hac vice*)
                Stewart Headlee (admitted *pro hac vice*)
                1000 West Second Street
                Little Rock, AR  72201

                Attorneys for Defendant Groton Industries, Inc.

## CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC

PARIS

BRUSSELS

LONDON

MOSCOW

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM
Writer's Direct Dial (212) 225-2488
E-Mail: nforrest@cgsh.com

FRANKFURT

COLOGNE

ROME

MILAN

HONG KONG

TOKYO

August 10, 2007

**VIA FIRST CLASS MAIL**

**Stewart Headlee Esq.**
**Hopkins & Allison**
**1000 West Second Street**
**Little Rock, AK 72201**

Bijan Amini, Esq.
Avery Samet, Esq.
STORCH AMINI & MUNVES PC
2 Grand Central Tower PC
New York, New York 10017

Re: Ames Department Stores, Inc. et al.; Case No. 01-42217 (REG)
Ames Merchandising Corp. v. Groton Industries, Inc. / CHEYENNE
Adv. Pro. No. 03-08490

Dear Mr. Headlee:

As you know, the above-referenced action (the "Action") has been referred to mediation. Neil P. Forrest has been appointed the mediator (the "Mediator"). The Mediator has run a conflicts check and has discovered no conflicting relationships with respect to the Action.

The Mediator has designated eight mediation days from which you can choose your preferred mediation date: September 18, 19, 26 and October 3, 10, 12, 17, 19. However, due to the large number of cases, please be advised that mediations will be scheduled in the order in which responses to these scheduling letters are received. Please contact Megan Altman (maltman@samlegal.com, 212-497-8244) at Storch Amini & Munves PC to schedule your mediation. The mediation will take place at Mr. Forrest's office at One

1

Liberty Plaza, which is downtown in the World Trade Center Area. After we receive your preferred date we will get back to you with the specific date and time for the mediation.

Pursuant to Judge Gerber's July 25, 2007 Mediation Order, the Mediator's fee is to be split evenly between the parties. The Mediator's fee is $695 per hour, to be split by the parties. Please submit your deposit of $695 by check payable to Cleary Gottlieb Steen & Hamilton LLP and have it delivered in such a manner as to be received by Megan Altman no later than ten (10) business days before your scheduled mediation or September 15, 2007, whichever is sooner. Please note that your $695 payment is only a deposit and may be subject to addition or subtraction depending on the actual time spent by the Mediator on this mediation. If the mediation is cancelled more than five business days prior to the scheduled mediation, your deposit shall be refunded. If the mediation is cancelled on less than five (5) days business notice, half of the deposit will be refunded and the other half forfeited by you. If the mediation is cancelled within 48 hours of its scheduled date, you will forfeit the deposit in full.

Confidential mediation statements are due five (5) business days before the mediation. This means they should be in the Mediator's hands five (5) business days prior to the mediation. The mediation statement is not to be served on any party. It goes only to the Mediator. The mediation statement must be factual and must contain an offer of settlement. There is no page limit.

A client with settlement authority must be present at the mediation. No telephone presence is allowed.

In order to promote communication among the parties, counsel and the Mediator and to facilitate settlement of the dispute, each of the undersigned agrees that the entire mediation process is confidential. All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding. These statements, offers, promises, and conduct (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions.

Each party agrees not to seek to compel the testimony of the Mediator or any employee of his law firm, or to compel the Mediator or any employee of his law firm to produce any document provided by the other party to the Mediator or to the Mediator's law firm. The parties agree to defend the Mediator from any subpoenas from outside parties arising out of this Agreement or mediation. The parties agree that neither the Mediator nor the Mediator's law firm is a necessary party in any arbitral or judicial proceeding relating to the mediation or to the subject matter of the mediation. Neither the Mediator nor his law firm nor its employees or agents, shall be liable to any party for any act or omission in connection with any mediation conducted pursuant to this Agreement.

Any documents provided to the Mediator by the parties will be destroyed within 30 days after the conclusion of the mediation, unless the Mediator is otherwise instructed by the parties.

Finally, the Mediator, each party, and counsel confirm that they have disclosed any past or present relationship or other information that a reasonable person would believe could influence the Mediator's impartiality and that no conflict of interest or appearance of a conflict of interest exists.

This letter shall serve as our memorandum of understanding as to the terms of the mediation and your payment of the $695 deposit will indicate the full acceptance of the terms contained in this letter. Please remember that our goal is to arrive at a settlement. Come to the Mediation in good faith to accomplish this goal.

Sincerely,

**s/Neil P. Forrest**