**MEMO ENDORSED**

PS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMES MERCHANDISING CORPORATION

        Plaintiff,

v.

GROTON INDUSTRIES, INC., d/b/a
CHEYENNE INDUSTRIES, INC.,

        Defendant.

Case No. 08-cv-1836

MOTION TO STRIKE FROM THE
RECORD CONFIDENTIAL
AND PRIVILEGED MEDIATION
MATERIALS FILED BY PLAINTIFF

---

## MOTION TO STRIKE FROM THE RECORD CONFIDENTIAL AND PRIVILEGED MEDIATION MATERIALS FILED BY PLAINTIFF

Comes Defendant Groton Industries, Inc. a/k/a Cheyenne Industries, Inc. ("**Groton**" or "**Defendant**"), by and through its counsel, and for its Motion to Strike from the Record Confidential and Privileged Mediation Materials Filed by Plaintiff (the "**Motion to Strike**"), states as follows:

1. Defendant moves to strike from the Court's record certain confidential mediation materials attached to the <u>Declaration of Kevin Fritz in Opposition to Defendant's Motion to Withdraw the Reference to the Bankruptcy Court</u> (the "**Declaration in Opposition**") and filed with the Court on March 7, 2008, on behalf of Plaintiff Ames Merchandising Corporation ("**Ames**" or "**Plaintiff**").

2. Specifically, Plaintiff's counsel has attached as Exhibit "D" to its Declaration in Opposition, a letter from Defendant's counsel dated January 29, 2008, and addressed to mediator

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

1

Neil Forrest, Esq.[1] A previous settlement offer from Defendant's counsel to Plaintiff's counsel dated November 28, 2007 (the "**Settlement Offer**"), was enclosed with the January 29th letter and likewise filed with the Court as Plaintiff's Exhibit "D" to its Declaration in Opposition.

3. The Settlement Offer sets forth a proposal of settlement of the various claims between the parties, including, *inter alia*, the very claims being litigated in this matter.

4. The Settlement Offer extended specific settlement terms and dollar amounts on behalf of Defendant and expressly stated that the Settlement Offer was being submitted "solely for the purpose of settlement."

5. The Settlement Offer further stated that it "shall not be admissible in any proceeding other than a proceeding by either party to enforce any settlement agreement each consistent with the terms of this letter."

6. The Settlement Offer constitutes settlement discussion made by, or on behalf of, the Defendant during the mediation process.

7. Section 5.1, of General Order M-211[2] of the United States Bankruptcy Court for the Southern District of New York, provides that "<u>**[a]ll statements by the mediator, by the parties or by others during the mediation process shall not be divulged by any of the participants in the mediation (or their agents) or by the mediator to the court or to any third party.**</u>" (Emphasis added).

---

[1] *See* <u>Declaration in Opposition</u>, ¶ 7 and Exhibit "D" thereto. The November 28, 2007 letter from Gregory M. Hopkins, Esq. to Ames' counsel, Avery Samet, Esq., was resent as an enclosure with the January 29, 2008 letter from Stewart Headlee, Esq. to the mediator, Neil Forrest, Esq.

[2] General Order M-211 amended General Orders M-117 and M-143, and establishes mediation procedures governing all preference claims and actions asserted under Section 547 and 550 of Title 11, United States Code.

8. Section 5.2, of General Order M-211, in pertinent part, further provides:

"5.2 **Confidentiality of Mediation Effort**. Rule 408 of the Federal Rules of Evidence shall apply to mediation proceedings. Except as permitted by Rule 408, **no person may rely on or introduce as evidence** in connection with any arbitral, judicial or other proceeding, including any hearing held by this court in connection with the referred mater, any aspect of the mediation effort, including, but not limited to:

   A. **Views expressed or suggestions made by any party with respect to a possible settlement of the dispute..[.]**" (Emphasis added).

9. In addition, mediator Neil Forrest, Esq.'s instruction letter dated August 10, 2007, specifically stated:

"In order to promote communication among the parties, counsel and the Mediator and to facilitate settlement of the dispute, each of the undersigned agrees that **the entire mediation process is confidential. All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding.** These statements, offers, promises, and conduct (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions." (Emphasis added).

A copy of mediator Neil Forrest, Esq.'s instruction letter has been attached hereto as Exhibit "A" and is incorporated by reference herein.

10. The Settlement Offer constitutes a privileged and confidential communication made by the Defendant during the mediation process and, as set forth above, Plaintiff's disclosure of the Settlement Offer is a clear violation of: (1) General Order M-211 of the United States Bankruptcy Court for the Southern District of New York, (2) the Order Establishing Mediation Procedures Governing Certain Adversary Proceedings Brought Pursuant to 11 U.S.C.

3

§547 entered in the instant bankruptcy proceeding on June 25, 2007, and (3) mediator Neil Forrest, Esq.'s instruction letter dated August 10, 2007.

11. Accordingly, Plaintiff's Exhibit "D" to its <u>Declaration of Kevin Fritz in Opposition to Defendant's Motion to Withdraw the Reference to the Bankruptcy Court</u> should be stricken from the Court's record in its entirety.

12. Defendant reserves the right to request the imposition of sanctions against Plaintiff and Plaintiff's counsel in connection with the matters set forth herein and further reserves the right to seek all other necessary and proper relief.

**WHEREFORE**, Groton Industries, Inc. a/k/a Cheyenne Industries, Inc., prays that the Court enter an Order striking from its record the confidential and privileged mediation materials described herein, for its costs herein expended, including a reasonable attorney's fee, and for all proper relief.

(remainder of page intentionally left blank)

Dated: New York, New York
      March 24, 2008

          Respectfully submitted,

          WHITE & CASE LLP

          By:  /s/ Sarah N. Campbell
          Andrew DeNatale (ADN-2429)
          Evan C. Hollander (EH-0191)
          Sarah N. Campbell (SC-6976)
          1155 Avenue of the Americas
          New York, New York 10036
          (212) 819-8200

          -and-

          HOPKINS LAW FIRM, P.A.
          Gregory M. Hopkins (admitted *pro hac vice*)
          Stewart Headlee (admitted *pro hac vice*)
          1000 West Second Street
          Little Rock, AR 72201

          Attorneys for Defendant Groton Industries, Inc.

---

*[Handwritten order:]* Motion [#14] is denied as NOT in accordance with Court's Rules. Issues could + should have been included in Reply Brief (which Def may refile to include these arguments but within 10 pp limit).

SO ORDERED:
Date: 3/25/08    /s/ Richard M. Berman
Richard M. Berman, U.S.D.J.