UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08
```

------------------------------------------------------X

IN RE AMES DEPARTMENT STORES,
INC.,                                                 :

------------------------------------------------------ X

AMES MERCHANDISING CORP.,            :            08 Civ. 1836 (RMB)

                                     :

                    Plaintiff,       :            **ORDER**

                                     :

     -against-                       :

                                     :

GROTON INDUSTRIES, INC., d/b/a/      :
CHEYENNE INDUSTRIES, INC.,           :

                                     :

                    Defendant.       :

------------------------------------------------------X

## I.    Background

On or about August 20, 2001, Ames Merchandising Corporation and Ames Department

Stores, Inc. (collectively, "Ames") filed for reorganization under Chapter 11 of the Bankruptcy

Code, 11 U.S.C. §§ 1101–74, in the United States Bankruptcy Court for the Southern District of

New York (Gerber, J.).  (See Ch. 11 Pet., dated Aug. 20, 2001, at 1.)  On or about July 8, 2003,

Ames filed an adversary proceeding against Groton Industries, Inc. ("Groton"), pursuant to

11 U.S.C. § 547(b), alleging, among other things, that certain monetary transfers made to Groton

"should be avoided and set aside as preferential and the money transferred should be returned to

Ames."  (See Compl. to Avoid Preferential Transfers ("Complaint"), dated July 8, 2003, ¶ 16.)

In response ("Answer"), Groton demanded "a trial by jury on all issues so triable in this

adversary proceeding . . . [p]ursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure,

Rule 38 of the Federal Rules of Civil Procedure, and Rule 9015-1 of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern

District of New York."  (See Answer, dated Sept. 18, 2007, at 5.)

On or about February 21, 2008, Groton filed the instant motion, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011(a), and Local Rule 5011-1, requesting this Court "to withdraw the reference of this adversary proceeding to the United States Bankruptcy Court . . . and [to] transfer[] this matter to the United States District Court for the Southern District of New York" on the grounds that Groton "withholds the consent required by 28 U.S.C. § 157(e) and Bankruptcy Rule 9015(b) for the bankruptcy judge to conduct a jury trial." (Notice of Motion to Withdraw the Reference ("Motion to Withdraw the Reference"), dated Feb. 21, 2008, ¶ 9.) Groton argues, among other things, that its "demand for a jury trial and the absence of all parties' consent to the bankruptcy judge presiding over the jury trial requires withdrawal of the reference." (Br. in Supp. of Motion to Withdraw the Reference, dated Feb. 21, 2008, at 5.) On or about March 7, 2008, Ames filed a memorandum of law in opposition to Groton's Motion to Withdraw the Reference ("Opposition") arguing, among other things, that it "would be an inefficient allocation of judicial resources" to withdraw the Bankruptcy Court reference at this time, and "the Bankruptcy Court should manage the proceedings until the case is trial ready." (Opp'n at 2, 4.) On or about March 26, 2008, Groton filed a reply ("Reply"), which also includes a motion to "strike . . . certain confidential mediation materials" attached to the Declaration of Ames's attorney, Kevin Fritz, dated March 7, 2008, filed in Opposition to Groton's Motion to Withdraw the Reference ("Motion to Strike"), and a motion for sanctions against Ames and Ames's counsel "for willfully violating various orders of the bankruptcy court and mediation instructions" ("Motion for Sanctions"). (Reply at 2, 5.)

**For the reasons stated below, Groton's Motion to Withdraw the Reference, Motion to Strike, and Motion for Sanctions are denied.**

## II.     Legal Standard

The Court "may withdraw, in whole or in part, any case or proceeding referred [to bankruptcy court] under [28 U.S.C. § 157(a)] . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "[A] district court . . . might decide that a case is unlikely to reach trial, that it will require protracted discovery and [Bankruptcy] court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court." In re Orion Pictures Corp., 4 F.3d 1095, 1101–02 (2d Cir. 1993). When a "case is still in the early stages and because of . . . unresolved pre-trial matters, especially discovery, one can only speculate when it will proceed to trial, if at all . . . judicial economy favors denial of [a] motion to withdraw the reference." In re Enron Corp., 317 B.R. 232, 235 (S.D.N.Y. 2004).

## III.    Analysis

### Motion to Withdraw Reference

Groton argues, among other things, that at the time it made its jury demand, Groton "did not have a claim pending in [Ames's] related bankruptcy case" and that it is entitled to demand a trial by jury "[p]ursuant to the Seventh Amendment." (Notice of Mot. ¶¶ 5, 7.) Ames acknowledges that "in light of [Groton's] withholding of consent," Groton is entitled to a jury trial in the District Court, (see Opp'n at 4), but Ames argues that "the Bankruptcy Court has considerable expertise on the law pertaining to the avoidance of preferential transfers . . . and is best equipped to oversee discovery and other pretrial matters." (Opp'n at 4, 6.)

"[A] jury demand by itself does not constitute 'cause' for permissive withdrawal of the reference." In re Enron Corp., 317 B.R. 232, 235 (S.D.N.Y. 2004); In re Formica Corp., 305 B.R. 147, 150 (S.D.N.Y. 2004) ("a right [to jury trial] does not compel withdrawing the

3

reference until the case is ready to proceed to trial."). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). Proceeding in the bankruptcy court until trial will promote the interests of efficiency and economy consistent with the uniform administration of the bankruptcy laws, because, among other things, "if the claim proceeds, discovery and other pretrial management will be handled most efficiently by the bankruptcy court." Formica, 305 B.R. at 150–51.

**Motion to Strike**

Groton argues that Ames filed with this Court "certain confidential mediation materials," including a proposal of settlement, in "a willful violation of . . . General Order [M-117] of the United States Bankruptcy Court for the Southern District of New York ('General Order M-117')." (Reply at 5–7.) Ames has not responded to Groton's Motion to Strike, but (i) the Court has not relied upon such confidential information and (ii) the motion is also moot in light of this Court's dismissal of Groton's Motion to Withdrawal the Reference. Klickads, Inc. v. Real Estate Bd. of N.Y., Inc., No. 04 Civ. 8042, 2007 WL 2254721, at *10 (S.D.N.Y. Aug. 6, 2007); see also Sec. & Exch. Comm'n v. Everest Mgmt. Corp., 475 F.2d 1236, 1238 n.3 (2d Cir. 1973) ("In view of our holding on the merits, we dismiss as moot the . . . motion to strike."). Groton may take up the issue with Judge Gerber, if it still seems appropriate.

**Motion for Sanctions**

Groton argues, among other things, that "[s]anctions are appropriate [to redress] intentional violations of mediation's confidentiality provisions." (Reply at 8.) Because, among other reasons, Ames has not been found in violation of General Order M-117, the Court denies Groton's Motion for Sanctions. See DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124,

136 (2d Cir. 1998) ("[C]ourts must take pains to exercise restraint and discretion when wielding [the power to impose sanctions].")[1]

## IV.    Conclusion and Order

For the reasons stated above, Groton's Motion to Withdraw the Reference, Motion to Strike, and Motion for Sanctions are denied.

The Court respectfully requests the Clerk to close this case.


Dated: New York, New York
       April 11, 2008


                                        _____
                                        RICHARD M. BERMAN, U.S.D.J.

---

[1]    Section 5.1 of General Order M-117 states, in pertinent part, that "[a]ny statements made . . . by the parties . . . during the mediation process shall not be divulged by any of the participants in the mediation (or their agents) . . . to the court or to any third party."